**Charles W. MARTIN, Petitioner—Appellant,**

v.

**Suzan HUBBARD, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 05–15524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2006.

Filed July 26, 2006.

Michael B. Bigelow, Esq., Sacramento, CA, for Petitioner–Appellant.

Robert T. Marshall, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Charles Martin ("Martin") appeals the dismissal of his habeas petition. The district court dismissed all six of Martin's claims for habeas relief, finding all six procedurally barred and two time barred. Martin argues that: (1) claims three through six are not procedurally barred because the procedural rule the state court invoked is inadequate; and (2) the district court incorrectly determined that his fifth claim and part of his sixth claim did not "relate back" to his original petition so as to avoid the one-year filing requirement of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Martin's first claim is controlled by our decision, filed concurrently herewith, in *King v. LaMarque*, No. 05–15757. Under *King*, Martin has met his *Bennett* burden, and the government bears "the ultimate burden of proving the adequacy" of the relied-upon state procedural ground. *See Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir.2003). On remand, in order to be able to maintain its affirmative defense of procedural default, the government must show that cases after *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), had sufficiently clarified the rule and that it had been consistently applied.

As to Martin's contention that certain of his claims relate back to his original petition, this argument fails under *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), in which the Supreme Court looked to "the essential predicate" of a claim to define the "common core of operative facts." *Id.* at 2573–74. In *Mayle*, the defendant's self-incrimination claim was based on "an extra-judicial event, ... an out-of-court police interrogation." *Id.* at 2573. Even though the constitutional violation occurred when a tape of the interrogation was introduced during the trial, the Court held that the core of operative fact was the interrogation, the "essential predicate" of the claim. *Id.*

Martin's original petition does not recite any of the facts needed to support his fifth claim, deprivation of the right to be pres-

---

ent when the jury listened to an audio tape of a witness's statement to police, or the relevant subpart of his sixth claim, ineffective assistance of counsel and judicial estoppel. In particular, Martin's original petition does not mention that he was absent during any time that the tape was played and does not mention the prosecution's support or undermining of the witness's credibility. The original petition, therefore, does not contain the essential factual predicates of the later claims.

We vacate the district court's judgment with regard to the adequacy of the California timeliness rule, otherwise affirm the district court's judgment, and remand for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

**VACATED IN PART; AFFIRMED IN PART; and REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.