(Slip Opinion) OCTOBER TERM, 2010 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## WALKER, WARDEN, ET AL. *v.* MARTIN

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 09–996.  Argued November 29, 2010—Decided February 23, 2011

While most States set determinate time limits for collateral relief applications, California courts "appl[y] a general 'reasonableness' standard" to judge whether a habeas petition is timely filed, *Carey* v. *Saffold*, 536 U. S. 214, 222.  Under that standard, "a [habeas] petition should be filed as promptly as the circumstances allow . . . ," *In re Clark*, 5 Cal. 4th 750, 765, n. 5, 855 P. 2d 729, 738, n. 5.  Three decisions, *Clark, In re Robbins*, 18 Cal. 4th 770, 959 P. 2d 311, and *In re Gallego*, 18 Cal. 4th 825, 959 P. 2d 290, describe California's timeliness requirement.  A prisoner must seek habeas relief without "substantial delay," *e.g., Robbins*, 18 Cal. 4th, at 780, 959 P. 3d, at 317, as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis of the claim," *id.*, at 787, 959 P. 2d, at 322.  All California courts have "original jurisdiction in habeas corpus proceedings."  Cal. Const., Art. VI, §10.  Because a habeas petitioner may skip over the lower courts and file directly in the California Supreme Court, that court rules on a staggering number of habeas petitions each year.  A summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely.  California courts, however, have discretion to bypass a timeliness issue and, instead, summarily reject the petition for want of merit.

Respondent Martin was convicted of murder and robbery, and was sentenced to life in prison without parole.  After the California Supreme Court denied Martin's first state habeas petition, he filed a federal habeas petition.  The District Court ordered a stay to permit Martin to return to state court to raise ineffective-assistance-of-counsel claims he had not previously aired.  Martin raised those claims in his second habeas petition in the California Supreme Court,

but gave no reason for his failure to assert the additional claims until nearly five years after his sentence and conviction became final. The California Supreme Court denied the petition, citing *Clark* and *Robbins*. Having exhausted his state-court remedies, Martin filed an amended federal habeas petition. The District Court dismissed his belatedly asserted claims as untimely under California law. The Ninth Circuit vacated that order and directed the District Court to determine the "adequacy" of the State's time bar. Again rejecting Martin's petition, the District Court found California's bar an adequate state ground for denying Martin's new pleas. Concluding that the time bar was not firmly defined or consistently applied, the Ninth Circuit remanded for a determination of the merits of Martin's claims.

*Held:* California's timeliness requirement qualifies as an independent state ground adequate to bar habeas corpus relief in federal court. Pp. 7–13.

   (a) Absent showings of "cause" and "prejudice," see *Wainwright* v. *Sykes*, 433 U. S. 72, 84–85, federal habeas relief will be unavailable when (1) "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and (2) "the state judgment rests on independent and adequate state procedural grounds," *Coleman* v. *Thompson*, 501 U. S. 722, 729–730. P. 7.

   (b) A "rule can be 'firmly established' and 'regularly followed,' " and therefore adequate, "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard* v. *Kindler*, 558 U. S. ___, ___. California's time rule, although discretionary, meets this "firmly established" criterion. The California Supreme Court framed the requirement in a trilogy of cases, instructing habeas petitioners to "alleg[e] with specificity" the absence of substantial delay, good cause for delay, or eligibility for one of four exceptions to the time bar. *Gallego*, 18 Cal. 4th, at 838, 959 P. 2d, at 299. And California's case law made it plain that Martin's nearly five-year delay was "substantial." See, *e.g., id.,* at 829–831, 838, and n. 13, 959 P. 2d, at 293–294, 299, and n. 13. The Court finds unpersuasive Martin's argument that the terms "reasonable time" period and "substantial delay" make California's rule too vague to be regarded as "firmly established." While indeterminate language is typical of discretionary rules, application of those rules in particular circumstances can supply the requisite clarity. Congressional statutes and this Court's decisions have employed time limitations that are not stated in precise, numerical terms. For example, current federal habeas prescriptions limit the time for filing a petition to one year. The clock runs from "the date on which the [supporting] facts

. . . could have been discovered through . . . due diligence." 28 U. S. C. §2255(f)(4). Although "'due diligence' is an inexact measure of how much delay is too much," *Johnson* v. *United States*, 544 U. S. 295, 309, n. 7, "use of an imprecise standard is no justification for depriving [a rule's] language of any meaning," *ibid.* Nor is California's time rule vulnerable on the ground that it is not regularly followed. Each year, the California State Supreme Court summarily denies hundreds of habeas petitions by citing *Clark* and *Robbins*. Contrary to Martin's argument, California's time bar is not infirm simply because a court may opt to bypass the *Clark/Robbins* assessment and summarily dismiss a petition on the merits, if that is the easier path. Nor should a discretionary rule be disregarded automatically upon a showing that outcomes under the rule vary from case to case. Discretion enables a court to home in on case-specific considerations and to avoid the harsh results that may attend consistent application of an unyielding rule. A state ground may be found inadequate when a court has exercised its discretion in a surprising or unfair manner, but Martin makes no such contention here. Pp. 7–12.

(c) This decision leaves unaltered the Court's repeated recognition that federal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights. See, *e.g., Brown* v. *Western R. Co. of Ala.*, 338 U. S. 294, 298–299. On the record here, however, there is no basis for concluding that California's rule operates in such a discriminatory manner. P. 13.

357 Fed. Appx. 793, reversed.

GINSBURG, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———————

No. 09–996

———————

## JAMES WALKER, WARDEN, ET AL., PETITIONERS
## *v.* CHARLES W. MARTIN

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[February 23, 2011]

JUSTICE GINSBURG delivered the opinion of the Court.

This case concerns California's time limitation on applications for postconviction (habeas corpus) relief. The question presented: Does California's timeliness requirement qualify as an independent state ground adequate to bar habeas corpus relief in federal court?

California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus. Instead, California directs petitioners to file known claims "as promptly as the circumstances allow." *In re Clark*, 5 Cal. 4th 750, 765, n. 5, 855 P. 2d 729, 738, n. 5 (1993). Petitioners are further instructed to state when they first learned of the asserted claims and to explain why they did not seek postconviction relief sooner. *In re Robbins*, 18 Cal. 4th 770, 780, 959 P. 2d 311, 317–318 (1998). Claims substantially delayed without justification may be denied as untimely. *Ibid.*; *Clark*, 5 Cal. 4th, at 765, n. 5, 855 P. 2d, at 738, n. 5.

California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e.*, *Clark* and *Robbins*. A spare order denying a petition without

explanation or citation ordinarily ranks as a disposition on the merits. Tr. of Oral Arg. 7; see *Harrington* v. *Richter*, *ante*, at 9–10. California courts may elect to pretermit the question whether a petition is timely and simply deny the petition, thereby signaling that the petition lacks merit.

Petitioner below, respondent here, Charles W. Martin, presented the claims at issue—all alleging ineffective assistance of counsel—in a habeas petition filed in the California Supreme Court nearly five years after his conviction became final. He stated no reason for the long delay. Citing *Clark* and *Robbins*, the court denied Martin's petition. In turn, the U. S. District Court for the Eastern District of California dismissed Martin's federal habeas petition raising the same ineffective assistance claims. Denial of Martin's state-court petition as untimely, the District Court held, rested on an adequate and independent state ground, *i.e.*, Martin's failure to seek relief in state court "without substantial delay." See *Robbins*, 18 Cal. 4th, at 787, 959 P. 2d, at 322.

The U. S. Court of Appeals for the Ninth Circuit reversed the District Court's decision. Contrasting the precision of "fixed statutory deadlines" with California's proscription of "substantial delay," the appeals court held that California's standard lacked the clarity and certainty necessary to constitute an adequate state bar. 357 Fed. Appx. 793, 794 (2009) (relying on *Townsend* v. *Knowles*, 562 F. 3d 1200 (CA9 2009)).

In a recent decision, *Beard* v. *Kindler*, 558 U. S. ___ (2009), this Court clarified that a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default. Guided by that decision, we hold that California is not put to the choice of imposing a specific deadline for habeas petitions (which would almost certainly rule out Martin's nearly five-year delay) or preserving the flexibility of current

practice, "but only at the cost of undermining the finality of state court judgments." *Id.*, at ___ (slip op., at 7). In so ruling, we stress that Martin has not alleged that California's time bar, either by design or in operation, discriminates against federal claims or claimants.

## I

## A

While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so. Instead, California courts "appl[y] a general 'reasonableness' standard" to judge whether a habeas petition is timely filed. *Carey* v. *Saffold*, 536 U. S. 214, 222 (2002). The basic instruction provided by the California Supreme Court is simply that "a [habeas] petition should be filed as promptly as the circumstances allow . . . ." *Clark*, 5 Cal. 4th, at 765, n. 5, 855 P. 2d, at 738, n. 5.

Three leading decisions describe California's timeliness requirement: *Robbins*, *Clark*, and *In re Gallego*, 18 Cal. 4th 825, 959 P. 2d 290 (1998). A prisoner must seek habeas relief without "substantial delay," *Robbins*, 18 Cal. 4th, at 780, 959 P. 2d, at 317; *Gallego*, 18 Cal. 4th, at 833, 959 P. 2d, at 296; *Clark*, 5 Cal. 4th, at 783, 855 P. 2d, at 750, as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim," *Robbins*, 18 Cal. 4th, at 787, 959 P. 2d, at 322. Petitioners in noncapital cases have "the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." *Id.*, at 780, 959 P. 2d, at 317.[1]

—————————

[1] A petition for habeas relief in a capital case is "presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of [an] appellant's reply brief on the direct appeal . . . ." California Supreme Court Policies Regarding Cases Arising From

California's collateral review regime differs from that of other States in a second notable respect: All California courts "have original jurisdiction in habeas corpus proceedings," Cal. Const., Art. VI, §10, thus "no appeal lies from the denial of a petition for writ of habeas corpus," *Clark*, 5 Cal. 4th, at 767, n. 7, 855 P. 2d, at 740, n. 7. "[A] prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal." *Ibid.* The new petition, however, must be confined to claims raised in the initial petition. See *In re Martinez*, 46 Cal. 4th 945, 956, 209 P. 3d 908, 915 (2009).

Because a habeas petitioner may skip over the lower courts and file directly in the California Supreme Court, *In re Kler*, 188 Cal. App. 4th 1399, 1403, 115 Cal. Rptr. 3d 889, 891–892 (2010), that court rules on a staggering number of habeas petitions each year.[2] The court issues generally unelaborated "summary denials" of petitions that "d[o] not state a prima facie case for relief" or that contain "claims [that] are all procedurally barred." *People* v. *Romero*, 8 Cal. 4th 728, 737, 883 P. 2d 388, 391 (1994) (internal quotation marks omitted). A summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely. See, *e.g.*, Brief for Habeas Corpus Resource Center as *Amicus Curiae* 20, and n. 23. California courts have discretion, however, to bypass a timeliness issue and, instead, summarily reject the petition for want

———————

Judgments of Death, Policy 3, Standard 1–1.1 (2010).

[2] In fiscal year 2008–2009, the California Supreme Court issued dispositions in 3,258 original habeas actions. Judicial Council of California, 2010 Court Statistics Report, Statewide Caseload Trends, 1999–2000 Through 2008–2009, p. 6, http://www.courtinfo.ca.gov/reference/documents/csr2010.pdf (as visited Feb. 15, 2011, and in Clerk of Court's case file). During a similar time period, a total of 2,210 habeas cases were on this Court's docket. See October Term 2008 Filings by Case Type (available in Clerk of Court's case file).

of merit. See *Robbins*, 18 Cal. 4th, at 778, n. 1, 959 P. 2d, at 316, n. 1. See also *Saffold*, 536 U. S., at 225–226.

## B

In December 1986, Charles Martin participated in a robbery and murder in California. Martin fled the State, but eight years later he was extradited to California to stand trial. Convicted in state court of murder and robbery, Martin was sentenced to life in prison without the possibility of parole. In 1997, the California Court of Appeal affirmed his conviction and sentence, and the California Supreme Court denied review.

Martin initiated his first round of state habeas proceedings in 1998, and the next year, the California Supreme Court denied his petition. He then filed a habeas petition in the appropriate U. S. District Court. Finding that Martin's federal petition included ineffective-assistance-of-counsel claims he had not aired in state court, the District Court stayed the federal proceedings pending Martin's return to state court to exhaust his remedies there.[3]

In March 2002, Martin filed his second habeas petition in the California Supreme Court, raising the federal ineffective assistance claims his earlier filing omitted. He gave no reason for his failure to assert the additional claims until nearly five years after his sentence and conviction became final. Tr. of Oral Arg. 36, 39. In September 2002, the California Supreme Court denied Martin's petition in an order typical of that court's summary dispositions for failure to file "as promptly as the circumstances

_____

[3] Rather than dismiss a petition containing both exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines* v. *Weber*, 544 U. S. 269, 275–276 (2005).

allow." *Clark*, 5 Cal. 4th, at 765, n. 5, 855 P. 2d, at 738, n. 5. The order read in its entirety: "Petition for writ of habeas corpus is DENIED. (See *In re Clark* (1993) 5 Cal. 4th 750, *In re Robbins* (1998) 18 Cal. 4th 770, 780.)." See App. to Pet. for Cert. 60.

Having exhausted state postconviction remedies, Martin returned to federal court and filed an amended petition. Based upon the California Supreme Court's time-bar disposition, the District Court dismissed Martin's belatedly asserted claims as procedurally precluded. *Id.*, at 27, 57. The Ninth Circuit vacated the dismissal order and remanded the case, directing the District Court to determine the "adequacy" of the State's time bar. *Martin* v. *Hubbard,* 192 Fed. Appx. 616, 618 (2006). The District Court again rejected Martin's petition, stating that "[t]he California timeliness bar as set forth in . . . *Clark*/*Robbins* is clearly defined, well established and consistently applied." App. to Pet. for Cert. 4.

The Ninth Circuit again disagreed. Controlled by its prior decision in *Townsend*, 562 F. 3d, at 1207–1208, the Court of Appeals held that California's time bar "has yet to be firmly defined" and was not shown by the State to be "consistently applied." 357 Fed. Appx., at 794. The remand order directed the District Court to determine the merits of the claims Martin asserted in his second petition to the California Supreme Court.

We granted certiorari, 561 U. S. ___ (2010), to determine the "adequacy" of California's practice under which a prisoner may be barred from collaterally attacking his conviction when he has "substantially delayed" filing his habeas petition. Martin does not here dispute that the time limitation is an "independent" state ground. See Brief in Opposition 5–6. See also *Bennett* v. *Mueller*, 322 F. 3d 573, 582–583 (CA9 2003). Nor does he contend that he established "cause" and "prejudice," *i.e.*, cause for the delay in asserting his claims and actual prejudice result-

ing from the State's alleged violation of his constitutional rights. See *Wainwright* v. *Sykes*, 433 U. S. 72, 87–91 (1977).

## II

### A

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Kindler*, 558 U. S., at \_\_\_ (slip op., at 1) (quoting *Coleman* v. *Thompson*, 501 U. S. 722, 729 (1991)). The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits. See *Sykes*, 433 U. S., at 81–82, 90.

Ordinarily, a state prisoner seeking federal habeas relief must first "exhaus[t] the remedies available in the courts of the State," 28 U. S. C. §2254(b)(1)(A), thereby affording those courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights," *Coleman*, 501 U. S., at 731. The adequate and independent state ground doctrine furthers that objective, for without it, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id.*, at 732. Accordingly, absent showings of "cause" and "prejudice," see *Sykes*, 433 U. S., at 84–85, federal habeas relief will be unavailable when (1) "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and (2) "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U. S., at 729–730.

### B

To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed."

*Kindler*, 558 U. S., at ___ (slip op., at 7) (internal quotation marks omitted).[4]  "[A] discretionary state procedural rule," we held in *Kindler*, "can serve as an adequate ground to bar federal habeas review."  *Ibid.*  A "rule can be 'firmly established' and 'regularly followed,'" *Kindler* observed, "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Ibid.*

California's time rule, although discretionary, meets the "firmly established" criterion, as *Kindler* comprehended that requirement.  The California Supreme Court, as earlier noted, framed the timeliness requirement for habeas petitioners in a trilogy of cases.  See *supra*, at 3. Those decisions instruct habeas petitioners to "alleg[e] with specificity" the absence of substantial delay, good cause for delay, or eligibility for one of four exceptions to the time bar.  *Gallego*, 18 Cal. 4th, at 838, 959 P. 2d, at 299; see *Robbins*, 18 Cal. 4th, at 780, 959 P. 2d, at 317.[5]

―――――――

[4] We have also recognized a "limited category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."  *Lee* v. *Kemna*, 534 U. S. 362, 376 (2002).  In *Lee*, for example, the defendant unsuccessfully moved for a continuance when, for reasons unknown to him, his alibi witnesses left the courthouse the day they were scheduled to testify.  This Court held inadequate to bar federal review a state court's persnickety application of a rule detailing formal requirements for continuance motions.  The defendant had substantially complied with the rule's key requirement and flawless compliance would have been unavailing given the trial court's reason for denying the motion. See *id.*, at 381–382.  Martin does not suggest that the application of California's timeliness rule in his case falls within the exceptional category *Lee* described and illustrated.  See Brief for Respondent 28, 29, 54.

[5] An untimely petition "will be entertained on the merits if the petitioner demonstrates (i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing

And California's case law made it altogether plain that Martin's delay of nearly five years ranked as "substantial." See *Gallego*, 18 Cal. 4th, at 829–831, 838, and n. 13, 959 P. 2d, at 293–294, 299, and n. 13 (delay of four years barred claim); *In re Tsaturyan*, No. B156012, 2002 WL 1614107, *3 (Cal. App., July 23, 2002) (delay of 16 months barred claim). See also *In re Miller*, No. B186447, 2006 WL 1980385, *2–3 (Cal. App., July 17, 2006) (delay of two years and six months barred claim).

Martin nevertheless urges that California's rule is too vague to be regarded as "firmly established." "[R]easonable time" period and "substantial delay," he maintains, are "meaningless terms." Brief for Respondent 48 (internal quotation marks omitted). We disagree. Indeterminate language is typical of discretionary rules. Application of those rules in particular circumstances, however, can supply the requisite clarity.

Congressional statutes and this Court's decisions, we note, have employed time limitations that are not stated in precise, numerical terms. Former Federal Habeas Corpus Rule 9(a), for example, set no fixed time limit on submission of habeas petitions. The Rule permitted dismissal of a state prisoner's petition when it appeared that delay in commencing litigation "prejudiced [the State] in its ability to respond." 28 U. S. C. §2254 Rule 9(a) (1994 ed.). To stave off dismissal, the petitioner had to show that he could not earlier have known, "by the exercise of reasonable diligence," the grounds on which he based the petition. *Ibid.* In *Rhines* v. *Weber*, 544 U. S. 269 (2005), we instructed district courts, when employing stay and abeyance procedure, see *supra*, at 5, n. 3, to "place reason-

———————

authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute." *In re Robbins*, 18 Cal. 4th 770, 780–781, 959 P. 2d 311, 318 (1998).

able time limits on a petitioner's trip to state court and back."  544 U. S., at 278.

Current federal habeas prescriptions limit the time for filing a petition to one year.  The clock runs from "the date on which the [supporting] facts . . . could have been discovered through the exercise of due diligence."  28 U. S. C. §2255(f)(4) (2006 ed., Supp. III) (applicable to federal prisoners); see §2244(d)(1)(D) (2006 ed.) (similar provision applicable to state prisoners).  "[D]ue diligence," we have observed, "is an inexact measure of how much delay is too much."  *Johnson* v. *United States*, 544 U. S. 295, 309, n. 7 (2005) (internal quotation marks omitted).  But "use of an imprecise standard," we immediately added, "is no justification for depriving [a rule's] language of any meaning." *Ibid.*  "[I]t would seem particularly strange to disregard state procedural rules that are substantially similar to those to which we give full force in our own courts."  *Kindler*, 558 U. S., at __ (slip op., at 8).

Nor is California's time rule vulnerable on the ground that it is not regularly followed.  Each year, the California Supreme Court summarily denies hundreds of habeas petitions by citing *Clark* and *Robbins*.  Brief for Appellant in No. 08–15752 (CA9), pp. 31–32.  On the same day the court denied Martin's petition, it issued 21 other *Clark*/*Robbins* summary denials.  See Brief for Habeas Corpus Resource Center as *Amicus Curiae* 20.  In reasoned opinions, too, California courts regularly invoke *Clark*, *Robbins*, and *Gallego* to determine whether a habeas petition is time barred.[6]

Martin argued below that California's time bar is not regularly followed in this sense: Use of summary denials

———————

[6] See, *e.g.*, *In re Sanders*, 21 Cal. 4th 697, 703, 981 P. 2d 1038, 1042 (1999); *In re Hamilton*, 20 Cal. 4th 273, 283, n. 5, 975 P. 2d 600, 605, n. 5 (1999); *In re Watson*, 104 Cal. Rptr. 3d 403, 407 (App. 2010) (officially depublished); *In re Nunez*, 173 Cal. App. 4th 709, 723, 93 Cal. Rptr. 3d 242, 252 (2009).

makes it "impossible to tell" why the California Supreme Court "decides some delayed petitions on the merits and rejects others as untimely." Brief for Appellant in No. 08–15752 (CA9), pp. 37–38. We see no reason to reject California's time bar simply because a court may opt to bypass the *Clark/Robbins* assessment and summarily dismiss a petition on the merits, if that is the easier path. See, *e.g.*, *Strickland* v. *Washington*, 466 U. S. 668, 697 (1984) ("[A] court need not determine whether counsel's performance was deficient . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . ."); cf. *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U. S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").

The Ninth Circuit concluded that California's time bar is not consistently applied because outcomes under the rule vary from case to case. See 357 Fed. Appx., at 794. For example, in *People* v. *Fairbanks*, No. C047810, 2006 WL 950267, *2–*3 (Cal. App., Apr. 11, 2006), a one-year delay was found substantial, while in *In re Little*, No. D047468, 2008 WL 142832, *4, n. 6 (Cal. App., Jan. 16, 2008), a delay of 14 months was determined to be insubstantial.

A discretionary rule ought not be disregarded automatically upon a showing of seeming inconsistencies.[7] Discre-

───────────

[7] Closer inspection may reveal that "seeming 'inconsistencie[s]' . . . are not necessarily . . . arbitrar[y] or irrationa[l]." *Thornburgh* v. *Abbott*, 490 U. S. 401, 417, n. 15 (1989). *Fairbanks* and *Little* are illustrative. In *Fairbanks*, the court found that petitioner did not act diligently when she waited to withdraw her guilty plea until one year after learning that revocation of her driver's license was irreversible. 2006 WL 950267, *2–*3. In *Little*, a *pro se* prisoner claimed that his trial counsel should have raised a posttraumatic stress disorder defense. Although the filing delay was 14 months, the court entertained it on the merits. 2008 WL 142832, *4, *14. Given the discrete context in which each case arose, the two decisions present no square conflict.

tion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule. See *Prihoda* v. *McCaughtry*, 910 F. 2d 1379, 1385 (CA7 1990) ("Uncertainty is not enough to disqualify a state's procedural ground as one 'adequate' under federal law. If it were, states would be induced to make their rules draconian . . . .").

A state ground, no doubt, may be found inadequate when "discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law . . . ." 16B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §4026, p. 386 (2d ed. 1996) (hereinafter Wright & Miller); see *Prihoda*, 910 F. 2d, at 1383 (state ground "applied infrequently, unexpectedly, or freakishly" may "discriminat[e] against the federal rights asserted" and therefore rank as "inadequate"). Martin does not contend, however, that in his case, the California Supreme Court exercised its discretion in a surprising or unfair manner.

"[S]ound procedure often requires discretion to exact or excuse compliance with strict rules," 16B Wright & Miller §4028, p. 403, and we have no cause to discourage standards allowing courts to exercise such discretion. As this Court observed in *Kindler*, if forced to choose between mandatory rules certain to be found "adequate," or more supple prescriptions that federal courts may disregard as "inadequate," "many States [might] opt for mandatory rules to avoid the high costs that come with plenary federal review." 558 U. S., at ___ (slip op., at 7). "Th[at] result would be particularly unfortunate for [habeas petitioners], who would lose the opportunity to argue that a procedural default should be excused through the exercise of judicial discretion." *Id.*, at ___ (slip op., at 8).[8]

———————

[8] See also 16B Wright & Miller §4026, pp. 385–386 ("Precisely defined

### C

Today's decision, trained on California's timeliness rule for habeas petitions, leaves unaltered this Court's repeated recognition that federal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights. See *Brown* v. *Western R. Co. of Ala.*, 338 U. S. 294, 298–299 (1949); *Davis* v. *Wechsler*, 263 U. S. 22, 24–25 (1923); 16B Wright & Miller §4026, p. 386 (noting "risk that discretionary procedural sanctions may be invoked more harshly against disfavored federal rights, . . . deny[ing] [litigants] a fair opportunity to present federal claims"). See also *Kindler*, 558 U. S., at \_\_\_ (KENNEDY, J., concurring) (slip op., at 3) (a state procedural ground would be inadequate if the challenger shows a "purpose or pattern to evade constitutional guarantees"). On the record before us, however, there is no basis for concluding that California's timeliness rule operates to the particular disadvantage of petitioners asserting federal rights.

\*    \*    \*

For the reasons stated, we find no inadequacy in California's timeliness rule generally or as applied in Martin's case. The judgment of the United States Court of Appeals for the Ninth Circuit is therefore

*Reversed.*

---

rules cannot take account of the gravity of a procedural failure, the strength of the excuses offered, or the importance of the procedural and substantive consequences of excusing or punishing the failure.").