**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BISMARCK CEJA, | No. 08-55975 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00606-VBF-SH |
| v. | |
| LARRY SMALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted June 6, 2011
Pasadena, California

Before: TROTT and RYMER, Circuit Judges, and BEISTLINE, Chief District
Judge.[**]

Bismarck Ceja appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291,

2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for Alaska, Anchorage, sitting by designation.

I

The district court did not abuse its discretion in denying Ceja's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), and *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Ceja's protective petition served no purpose because his federal petition would have been untimely in the absence of statutory tolling. As such, the petition could not "protect" Ceja against the possibility that he would not receive statutory tolling.

Ceja also claims that the district court prematurely dismissed his federal petition before knowing whether he was entitled to statutory tolling. This issue has been made moot by the California Supreme Court's denial of the state petition as untimely on April 20, 2011, citing *In re Robbins*, 18 Cal. 4th 770 (1998). Furthermore, Ceja has not shown that the California Supreme Court exercised its discretion in a manner that "impose[d] novel and unforeseeable requirements without fair or substantial support in prior state law." *See Walker v. Martin*, ___ U.S. ___, 131 S. Ct. 1120, 1130 (2011).

II

Ceja argues that he is entitled to equitable tolling because of uncertainty in the law and that he is entitled to statutory tolling for the duration of the DNA

testing litigation.  These arguments were not raised in district court, and we decline to address them.

AFFIRMED.