**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE COX, | No. 11-15223 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02135-LKK |
| v. | MEMORANDUM[*] |
| LARRY SMALL, Warden; EDMUND G. BROWN, Jr., Attorney General, | |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Lawrence Cox appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We

have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cox contends that the district court erred in dismissing his petition as untimely. He argues that he is entitled to both statutory and equitable tolling. As for statutory tolling, the district court properly ruled that since Cox's third petition was dismissed as untimely, it was not properly filed so as to be considered "pending" pursuant to 28 U.S.C. § 2244(d)(2), and therefore, statutory tolling was unwarranted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Cox's contention that California's timeliness rule is not an adequate state procedural rule, is foreclosed by *Walker v. Martin*, 131 S. Ct. 1120, 1128-30 (2011). The district court properly ruled that Cox failed to show that he was unaware of the facts underlying his claim of ineffective assistance of counsel at the time of his jury trial. *See Hasan v. Galaza*, 254 F.3d 1150, 1154-55 (9th Cir. 2001).

Regarding equitable tolling Cox fails sufficiently to demonstrate that during the running of the AEDPA time limitations, "he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way," which would constitute grounds for equitable tolling. *See Pace*, 544 U.S. at 418. Moreover, Cox fails to present new evidence of actual innocence sufficient to excuse his untimely filing. *See Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc).

**AFFIRMED.**

11-15223