12-0764-pr(L), 12-0776-pr(CON)
*Kozlowski v. Hulihan, Swartz v. Annetts*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand and thirteen.

PRESENT:

    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        *Circuit Judges*,
    JESSE M. FURMAN,
        *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

L. DENNIS KOZLOWSKI,
        *Petitioner-Appellant*,

         -v.-                             No. 12-0764-pr(L)

WILLIAM HULIHAN,
        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARK H. SWARTZ,
        *Petitioner-Appellant*,

         -v.-                             No. 12-0776-pr(CON)

SUPERINTENDENT PAUL ANNETTS,
        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PETITIONERS-APPELLANTS:**    ALAN S. LEWIS (Michael Shapiro, Jeffrey L. Loop, Michael H. Bauscher, Laura A. Zaccone, *on the brief*), Carter Ledyard & Milburn LLP, New York, NY, *for* L. Dennis Kozlowski.

NATHANIEL Z. MARMUR, Stillman & Friedman, P.C., New York, NY, *for* Mark H. Swartz.

**FOR RESPONDENTS-APPELLEES:**    AMYJANE RETTEW, Assistant District Attorney (Gina Mignola, Assistant District Attorney, *on the brief*), *for* Cyrus R. Vance, Jr., District Attorney for New York County.

Appeal from a February 8, 2012 judgment entered by the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 8, 2012 judgment of the District Court be **AFFIRMED**.

L. Dennis Kozlowski and Mark H. Swartz appeal from a judgment of the District Court denying their petitions for writs of habeas corpus. They argue that the District Court erred in holding that an independent and adequate state-law ground bars federal habeas review. "We review a district court's ruling on a petition for a writ of habeas corpus *de novo*." *Corby v. Artus*, 699 F.3d 159, 166 (2d Cir. 2012). We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

Although the factual and procedural history of this case is lengthy, only a brief recitation is necessary here. On June 17, 2005, petitioners, former executives of Tyco International ("Tyco"), were convicted in New York Supreme Court, after trial by jury, of twelve counts of Grand Larceny in the First Degree, eight counts of Falsifying Business Records in the First Degree, Conspiracy in the Fourth Degree, and a violation of the Martin Act, which is "New York's counterpart to the Securities and Exchange Acts of 1933 and 1934," *Highland Capital Management LP v. Schneider*, 460 F.3d 308, 317 (2d Cir. 2006). In simple terms, they stole more than $100 million from Tyco.

Prior to trial, petitioners served a subpoena[1] on Boies, Schiller & Flexner LLP, requesting materials created during its internal investigation on behalf of Tyco. The trial court granted Tyco's motion to quash the subpoena, holding that the documents constituted trial preparation materials and

---

[1] In fact, the subpoena was served prior to petitioners' second trial, which ended with a guilty verdict. Their first trial had resulted in a mistrial.

were not discoverable under New York Civil Practice Law and Rule § 3101(d)(2) ("CPLR § 3101(d)(2)").[2]  That ruling was affirmed by both the First Department and the New York Court of Appeals.  Critically, the Court of Appeals noted that Kozlowski and Swartz "did not raise a constitutional argument in support of their subpoena below, and we therefore address none." *People v. Kozlowski*, 11 N.Y.3d 223, 242 n.11, 869 N.Y.S.2d 848, 898 N.E.2d 891 (2008).

Petitioners then sought a writ of habeas corpus in the United States District Court for the Southern District of New York, contending that their constitutional right to present a defense was violated by the quashing of the subpoena.  On January 6, 2011, Magistrate Judge Gabriel W. Gorenstein issued a report and recommendation, in which he concluded that the petitions for writs of habeas corpus should be denied because "the New York Court of Appeals' refusal to address petitioners' federal constitutional argument—based on their failure to raise the argument in the trial court—was an adequate and independent state ground for the state court's decision."  After holding oral argument, and upon consideration of petitioners' objections to the Report and Recommendation, the District Court adopted the Report and Recommendation in full, and denied the petitions.

## DISCUSSION

We "'will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.'" *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)).[3]  The District Court held that the New York Court of Appeals' reliance on petitioners'

---

[2] CPLR § 3101(d)(2) provides:

> Materials. Subject to the provisions of paragraph one of this subdivision, materials otherwise discoverable under subdivision (a) of this section and prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer or agent), may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

[3] The Supreme Court has explained the basis for the independent and adequate state ground doctrine as follows:

> When a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if [the Supreme] Court had reversed the state judgment on direct review. . . .  In such a case, the habeas court ignores the State's legitimate reasons for holding the prisoner.
>
> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism.  Without the rule, a federal district court would be able to do in habeas what [the Supreme] Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the Supreme] Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

failure to raise their constitutional claim before the trial court, in violation of New York's so-called contemporaneous objection rule, constitutes an independent and adequate state-law ground.  Under the contemporaneous objection rule, a party fails to preserve an issue for appeal if he or she does not "object to what he or she believes is a legal error in a trial court's ruling or instruction 'at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.'"[4]  *Gutierrez v. Smith*, 702 F.3d 103, 110 (2d Cir. 2012).  Kozlowski and Swartz now argue, as they did before the District Court, that the New York Court of Appeals' application of the contemporaneous objection rule provides neither an independent nor an adequate state-law ground for foreclosure of their habeas claims.  For the reasons set out below, we find no error with the District Court's reasoning and affirm its judgment.

## A.    Independence

Petitioners argue that the New York Court of Appeals' decision on the contemporaneous objection rule is not an "independent" state-law ground within the meaning of federal habeas jurisprudence because the Court of Appeals "interwove" federal law with its analysis of their state-law claims.  Petitioners observe that the Court of Appeals referred to Supreme Court cases in the course of its discussion on New York state-law rules regarding enforcement of third-party subpoenas.  *See Kozlowski*, 11 N.Y.3d at 242.  They contend that, because the Court of Appeals' discussion of New York's third party-subpoena rules invoked federal case law, the state-law ground for barring their federal habeas claims is not independent of federal law.

However, the state-law ground that forecloses their federal habeas claims is not the Court of Appeals' decision on its third-party subpoena rules.  Rather, it is the Court of Appeals' application of the contemporaneous objection rule.  Hence, as the District Court pointed out, the real question here is

---

*Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991) (internal citations omitted); *see also Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (The independent and adequate state ground doctrine "afford[s state] courts the first opportunity to address and correct alleged violations of the prisoner's federal rights" because "without it, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." (internal quotation marks, citations, and alterations omitted)).

   [4] In full, New York's contemporaneous objection rule provides:

> For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.  Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in reponse [sic] to a protest by a party, the court expressly decided the question raised on appeal.  In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.

N.Y. Crim. Proc. L. § 470.05(2) (McKinney 2009).

whether the Court of Appeals' finding of procedural default under the contemporaneous objection rule implicated federal law. *Cf. Green v. Travis*, 414 F.3d 288, 295–96 (2d Cir. 2005) (holding that the contemporaneous objection rule did not constitute an independent state-law ground because the state court's determination that the defendant had failed to argue the proper elements of a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), depended on its analysis of *Batson*). On this issue, there is no doubt—the Court of Appeals relied on no federal law in finding that Kozlowski and Swartz had failed to contemporaneously assert a constitutional claim. Indeed, the Court of Appeals stated plainly that it was not addressing any constitutional claim because Kozlowski and Swartz "did not raise a constitutional argument in support of their subpoena below."[5] *Id.* at 242 n.11; *see Jimenez v. Walker*, 458 F.3d 130, 137–38 (2d Cir. 2006). In short, the contemporaneous objection rule provides an independent state-law ground for barring federal habeas review.

## B.    Adequacy

We have previously held that New York's contemporaneous objection rule is "firmly established and regularly followed," and, therefore, its application ordinarily constitutes an adequate state-law ground for barring federal habeas review. *Downs*, 657 F.3d at 102–04. Nonetheless, we must still consider whether this is an "exceptional case[] in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see also Downs*, 657 F.3d at 104. We evaluate whether a case presents such an exception by reference to three useful, but non-exclusive, considerations, or "guideposts," which are: "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (internal quotation marks omitted). As the District Court explained, none of these guideposts favors the petitioners.

As to the first guidepost, petitioners argue that the state trial court would have rejected their constitutional claim, had it been presented, and therefore perfect compliance with the contemporaneous objection rule would not "have changed the trial court's decision." *Id.* In the words of the District Court, however, such a claim "is entirely speculative, particularly in the absence of any showing of substantial compliance." *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583(RJH)(GWG), 10 Civ. 0812(RJH)(GWG), 2012 WL 383667, at *5 (S.D.N.Y. Feb. 7, 2012). Indeed, the very purpose of the contemporaneous objection rule is to permit the parties to submit relevant arguments and for the trial

---

[5] To the extent that petitioners suggest that the Court of Appeals did, in fact, address their constitutional claim by referring to Supreme Court cases on the right to present a defense, such a claim has no merit. The Court of Appeals unambiguously stated that it was resolving the claim of Kozlowski and Swartz under state law only and was not addressing any federal constitutional argument. *Kozlowski*, 11 N.Y.3d at 242 & n.11.

court to make an informed decision at the time. *See Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007). Inasmuch as the trial court had no opportunity to consider the constitutional claim, we are not now in a position to opine on what that court might have done in the hypothetical circumstance that petitioners had advanced their constitutional argument.

As to the second guidepost, petitioners contend that New York appellate courts do not consistently apply the contemporaneous objection rule to bar constitutional claims on appeal when the substance of a constitutional claim is presented to the trial court but not labeled as such. *See Cotto*, 331 F.3d at 240. To the contrary, we have noted that "New York's highest courts uniformly instruct that to preserve a particular issue for appeal, [a] defendant must specifically focus on the alleged error." *Garvey*, 485 F.3d at 714. Even crediting petitioners' theory, it is simply not true that they placed the substance of their constitutional claim before the trial court. *See Kozlowski*, 2012 WL 383667, at *5. In fact, it is clear from their written opposition to the motion to quash that they argued only that Tyco had waived its privilege and that the documents sought were material in the sense that they constituted a relevant and appropriate subject for discovery. Joint App'x 745–69. Notably, this argument is grounded in state law and does not raise the substance of a right-to-present-a-defense claim, which requires a showing that the documents were constitutionally material and that the application of a discovery rule was "'arbitrary or disproportionate' to the purpose that the rule is designed to serve." *Jimenez*, 458 F.3d at 146–47 (quoting *Rock v. Arkansas*, 483 U.S. 44, 55–56 (1987)).[6]

As to the third guidepost, petitioners argue that they substantially complied with the contemporaneous objection rule. *See Cotto*, 331 F.3d at 240. Again, they contend that they presented the essence of their constitutional claim, in function if not in name, to the trial court. However, as the District Court explained, and as we have confirmed above, petitioners did not argue the substance of a right-to-present-a-defense claim to the trial court.

In sum, none of the three guideposts favors petitioners. We therefore conclude that this is not the "exceptional case[ ]" involving the "exorbitant application of a generally sound rule." *Lee*, 534 U.S. at 376. Accordingly, the decision of the New York Court of Appeals on the question of the contemporaneous objection rule supplies an adequate state-law ground for foreclosing federal habeas review.

## CONCLUSION

For the foregoing reasons, the District Court correctly held that the decision of the New York Court of Appeals on the contemporaneous objection rule provides an independent and adequate state-law ground for barring federal habeas review. *See Downs*, 657 F.3d at 101. We have reviewed the record

---

[6] In addition to finding that Tyco did not waive its privilege, the trial court also held that (1) the "at issue" doctrine did not apply; and (2) Kozlowski and Swartz did not have a "substantial need" for the documents pursuant to CPLR § 3101(d)(2). Kozlowski Special App'x 13–16. These alternate theories are also based entirely on state law.

6

and the parties' arguments on appeal, and we **AFFIRM** the February 8, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court