**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY MARIO WATSON,<br><br>　　　　　Petitioner - Appellant,<br><br>　v.<br><br>MATTHEW CATE,<br><br>　　　　　Respondent - Appellee. | No. 11-57122<br><br>D.C. No. 3:01-cv-01780-AJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 7, 2013
Portland, Oregon

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

Following our remand in this case, Anthony Mario Watson appeals the

district court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Watson raises a newly exhausted "cumulative" ineffective assistance claim, which was denied by the California Supreme Court in an order citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *In re Clark*, 5 Cal. 4th 750 (1993). In citing *Robbins* and *Clark*, the court signaled that the petition was untimely. Because California's untimeliness rule is an independent and adequate state procedural ground for its denial, this claim is procedurally defaulted. *Walker v. Martin*, 131 S. Ct. 1120, 1128 (2011). We reject Watson's argument that his claim is interwoven with federal law, because such a holding would swallow the rule from *Walker* in every habeas petition that raises an ineffective assistance of counsel claim. The California Supreme Court's application of the timeliness procedural bar was neither surprising nor unfair, given that all aspects of the cumulative ineffectiveness claim were apparent from the trial record. Watson cannot establish cause and prejudice to overcome procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Watson's claim is also untimely under the AEDPA. The one-year statute of limitations to bring this claim expired on December 20, 2002. The claim does not relate back to the original petition, and the limitations period was not tolled. For these reasons, we affirm the district court's dismissal of this claim.

**2.** Watson's remaining claim is one that this court has already considered. He argues that his trial counsel was ineffective for failing to investigate Watson's alleged alibi. We previously affirmed the district court's finding, following the 2004 evidentiary hearing, that trial counsel was a credible witness and Watson was not, and that trial counsel did not know about potential alibi witnesses White and Yard until after trial. *Watson v. Rocha*, 201 F. App'x 456, 458 (9th Cir. 2006) (unpublished decision). We remanded for further proceedings regarding trial counsel's lack of investigation of potential alibi witness Douglas, whose name first surfaced at the evidentiary hearing, and potential alibi witness Larose, who was mentioned in White's post-trial declaration. *Id.*

After our remand, Watson returned to state court to exhaust the cumulative ineffectiveness claim discussed above. When he returned to district court, all parties properly agreed that the intervening decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), precluded any further evidentiary hearing. In light of *Pinholster*, our 2006 remand order was unnecessary. In any event, we agree with Judge Battaglia that further inquiry into counsel's failure to investigate Larose and Douglas would have only provided additional evidence with respect to the same failure-to-investigate claim that had been adjudicated on the merits and the denial of which we previously affirmed. Moreover, we note that information about Larose

3

and Douglas would not have affected Judge Benitez's conclusion that Watson and White were not credible, that trial counsel was credible, that no credible alibi existed, and that Watson had received effective assistance of counsel. Thus, we also affirm the district court's dismissal of this claim.

**3.**     Finally, in light of the intervening *Pinholster* decision, Judge Battaglia did not violate the rule of mandate. Moreover, Watson's argument that Judge Battaglia violated the rule of mandate and should have held the hearing on Douglas and Larose, despite *Pinholster*, does not square with his contention that *Pinholster* requires that the evidence from the 2004 evidentiary hearing be ignored—especially as Douglas was not mentioned in the state court or federal court records until that hearing.

AFFIRMED.