FILED

DEC 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES RAY SMITH, | No. 13-15474 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02967-MCE-GGH |
| v. | |
| M. MCDONALD, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

Petitioner Charles Ray Smith argues that he was unrepresented by counsel at his competency hearing, a critical stage of his pretrial criminal proceedings, in violation of *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984). Smith also argues that we must review his federal habeas

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claim *de novo*, and not under the deferential standard in 28 U.S.C. § 2254(d),

because the "state courts failed to adjudicate [his] *Cronic* claim." Finally, Smith

argues that the district court abused its discretion by denying his motion for an

evidentiary hearing.

We first address Smith's "adjudication on the merits" argument, because it

affects our standard of review.[1] When a state's highest appellate court summarily

rejects a petitioner's federal claims, we "look through" summary denials to the last

reasoned state court decision. *Cannedy v. Adams*, 706 F.3d 1148, 1159 (9th Cir.

2013), *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013), *cert. denied*, 134

S. Ct. 1001, 187 L. Ed. 2d 863 (2014). The last reasoned decision concerning

---

[1] The warden did not waive his exhaustion argument, *see* 28 U.S.C. § 2254(b)(3), and he raises that argument here. However, we conclude that Smith's argument was exhausted, because he fairly presented his *Cronic* claim to all state courts on direct review. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987) ("[A] prisoner need exhaust only one avenue of relief in state court before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court."). Smith fairly presented his *Cronic* claim to the state courts. Moreover, Smith's *Cronic* claim is not otherwise barred on adequate and independent state procedural grounds; California Rule of Court 8.500(c) is not an "adequate" state procedural ground because it only states a California Supreme Court policy regarding petitions for rehearing filed in the Court of Appeal below. It is not mandatory and does not state that appeals will be rejected for noncompliance. *Compare Walker v. Martin*, 131 S. Ct. 1120, 1128, 179 L. Ed. 2d 62 (2011) (discussing the "adequate" nature of California's discretionary time-bar rule for untimely state habeas petitions in a case where the California Supreme Court exercised discretion to bar an untimely claim).

Smith's sole federal claim before us is the California Court of Appeal's May 15, 2009 opinion.

Smith argues that his *Cronic* claim was not adjudicated on the merits, because instead of deciding that claim, the Court of Appeal "recognized that Smith raise[d] a denial of counsel claim . . . but the claim the state court actually evaluated was a competence/prejudice based analysis of Smith's Sixth Amendment rights."

In *Johnson v. Williams*, the Supreme Court held that "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." 133 S. Ct. 1088, 1096, 185 L. Ed. 2d 105 (2013), *reh'g denied*, 133 S. Ct. 1858, 185 L. Ed. 2d 858 (2013). *Johnson* involved a state court opinion that "addresse[d] some but not all of a defendant's claims," which the Court said was an irrelevant distinction from *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784–85, 178 L. Ed. 2d 624 (2011), where the state court decision in that case did not specifically address any of the defendant's federal claims. *Johnson*, 133 S. Ct. at 1094. Although the presumption from *Johnson* is rebuttable, *id.* at 1096, we conclude that Smith has failed to rebut it here.

3

The Court of Appeal specifically characterized Smith's denial of counsel claim as "creating a shroud of reversible error per se." Combining the *Johnson* presumption that Smith's *Cronic* claim was adjudicated on the merits with this language from the Court of Appeal's opinion, Smith fails to rebut the presumption. An ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), does not require *per se* reversal if counsel was ineffective, because there also must be prejudice for an ineffective assistance of counsel claim to succeed. On the other hand, a denial of counsel claim under *Cronic*, if successful, is structural error, which requires reversal *per se*. The Court of Appeal's rejection of Smith's federal claim, while mentioning neither *Strickland* nor *Cronic*, clearly considered the salient feature of Smith's *Cronic* claim—*per se* reversal if successful. Smith has not rebutted the presumption, arising from *Johnson*, that Smith's *Cronic* claim was adjudicated on the merits. *See Johnson*, 133 S. Ct. at 1096. Because we conclude that Smith's *Cronic* claim was adjudicated on the merits, we owe deference to the Court of Appeal's decision under 28 U.S.C. § 2254(d).

Smith contends that he satisfies the deferential standard under 28 U.S.C. § 2254(d) because the decision was "based on an unreasonable determination of the facts in light of the evidence presented – that is, the entire state court records."

4

*See* 28 U.S.C. § 2254(d)(2). We disagree. Smith argues that "the key mistake" the Court of Appeal made regarding factual determinations was its refusal to believe that attorney Davidson would appear for Smith without knowing that was the intent of Smith's attorney. The Court of Appeal's conclusion about attorney Davidson's awareness and authority to appear for Smith is a factual determination under § 2254(d)(2), and it is not an unreasonable one because the transcript of the state court proceeding shows that attorney Davidson was aware of what counsel for both sides had agreed to regarding Smith's competency determination and report. We also conclude that the Court of Appeal's denial of Smith's *Cronic* claim was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). First, we find no clearly established Supreme Court authority holding that a lawyer appearing as substitute counsel to submit competency on an expert's competency report is a denial of counsel at that stage of the proceeding. Second, 28 U.S.C. § 2254(d) is no "substitute for ordinary error correction through appeal," *Richter*, 131 S. Ct. at 786, and here there is room for fairminded jurists to disagree over whether the Court of Appeal correctly denied Smith's *Cronic* claim.

5

Finally, the district court did not abuse its discretion by denying Smith's motion for an evidentiary hearing, because "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011).

AFFIRMED.