**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH ALFONSO DURAN, | No. 15-55652 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-00430-WQH-RBB |
| v. | |
| JEFFREY A. BEARD, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 4, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Joseph Alfonso Duran appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Reviewing de novo the district court's decision, Robinson v. Schriro, 595 F.3d 1086, 1099 (9th Cir. 2010), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. The state court's decision concerning Petitioner's <u>Faretta</u> waiver was neither contrary to nor an unreasonable application of clearly established federal law. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003). Petitioner argues that the trial court was required to inform him, at his <u>Faretta</u> hearing, of the possible penalties he could face if the charges against him were later amended. No Supreme Court case requires that the court advise a petitioner of the penalties associated with potential future amended charges. <u>Wright v. Van Patten</u>, 552 U.S. 120, 125 (1980) (per curiam).

Moreover, no clearly established federal law required the trial court to <u>reaffirm</u> Petitioner's waiver of counsel after the charges against him were amended to include a second strike. Therefore, the trial court did not act unreasonably. <u>Moses v. Payne</u>, 555 F.3d 742, 754 (9th Cir. 2009).

2. Petitioner's claim that he received ineffective assistance of counsel during plea bargaining is procedurally barred. The California Superior Court found that this claim was procedurally barred because of California's timeliness rule, which is an independent and adequate state ground for denying review here. <u>Walker v. Martin</u>, 562 U.S. 307, 315 (2011). Petitioner has not shown cause, prejudice, or a miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 749–50 (1991).

**AFFIRMED.**

2