FILED
United States Court of Appeals
Tenth Circuit

February 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC HUMES,

      Petitioner - Appellant,

v.

WARDEN MIKE ARELLANO; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 10-1517
(D.C. No. 1:09-CV-00757-MSK)
(D. Colo.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Eric Humes, a state inmate proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. A COA is jurisdictional and

may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Because this showing is lacking,

we deny a COA and dismiss the appeal.

Background

Mr. Humes was convicted of one count each of first degree murder,

attempted first degree murder, second degree assault, menacing, and third degree assault, and was adjudicated to be a habitual criminal based on his prior convictions. He was sentenced to a total of life imprisonment plus 82 years, 6 months, to be served consecutively. The Colorado Court of Appeals affirmed the conviction on direct appeal, People v. Humes, No. 05CA1053 (Colo. App. Jan. 31, 2008) (unpublished), and the Colorado Supreme Court denied the petition for certiorari.

Mr. Humes raised nine grounds for relief in his federal habeas petition; he asserts the same grounds in his request for a COA. Because Mr. Humes proceeds pro se, we construe his pleadings and other papers liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). His claims allege that (1) the prosecution abused grand jury procedures, denying him due process; the court erroneously instructed the jury regarding (2) self defense and (3) the penalty for first degree murder, and (4) failed to excuse a biased juror; the court erroneously (5) admitted a police report into evidence and (6) did not allow adequate cross-examination of a key prosecution's witness, violating his rights under the Confrontation Clause; (7) the court erroneously denied grant of a mistrial; (8) the prosecution committed misconduct during closing arguments; and (9) the habitual criminal sentences violated his right to trial by jury. The district court denied habeas relief. Humes v. Arellano, No. 09-cv-00757-BNB, 2010 WL 4507470 (D. Colo. Nov. 1, 2010).

## Discussion

To obtain a COA, Mr. Humes must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Where a district court denies a claim on procedural grounds, a petitioner must show that the district court's procedural ruling is reasonably debatable, as well as the underlying constitutional claim. Id.

Petitioner's claim concerning the trial court's denial to grant a mistrial (claim 7) was dismissed by the federal district court on procedural grounds. The court held that it had not been fairly presented to the state courts as a federal claim and was therefore unexhausted. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971). Applying anticipatory procedural bar, the court concluded that Mr. Humes could not show cause or prejudice or a fundamental miscarriage of justice that would excuse the bar. Humes v. Arellano, No. 1:09-cv-00757-MSK (D. Colo. July 31, 2009). Notwithstanding that Mr. Humes claimed on direct appeal that the mistrial ruling denied him a fair trial, the substance of the claim was whether the state district court abused its discretion in denying a mistrial based upon one reference to the grand jury made by a witness where the defendant objected and the court ordered

- 3 -

the reference disregarded. 1 R. 46-47, 125-29. Regardless, we would defer to the Colorado Court of Appeals's analysis that under the circumstances prejudice had not been shown (let alone a denial of due process).

Because the remainder of Mr. Humes's habeas claims were adjudicated on the merits in state court, we must incorporate a deferential treatment of state court decisions into our consideration of his request for a COA. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Accordingly we may grant an application for a writ of habeas corpus only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court's decision is an unreasonable application of clearly established federal law where it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413. Where a state court rejects a constitutional claim

- 4 -

based upon harmless error, we accord that determination deference as we evaluate whether the error "had a substantial and injurious effect or influence" on the verdict based upon the whole record. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted). We presume state court factual findings are correct, a presumption that may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The district court considered each of the remaining eight claims, upholding the Colorado Court of Appeals's result given the deferential standards concerning claims 1, 2, 3, 5, 6, 8, and 9. We have carefully reviewed the claims against the record and conclude that reasonable jurists could not debate the correctness of the district court's disposition with respect to these claims.

The district court concluded that Mr. Humes was not denied an impartial jury (claim 4) on somewhat different grounds from the state court. The Colorado Court of Appeals concluded that it was within the trial court's discretion to conclude that the challenged juror would render an impartial verdict. 1 R. 40. On direct appeal Mr. Humes had also argued that he was denied a fair trial because he was forced to use a peremptory challenge to excuse the juror, and he ultimately used all of his peremptory challenges. The federal district court concluded that any potential constitutional error was cured by the juror's removal. Humes, 2010 WL 4507470, at *11. Because Mr. Humes removed the allegedly biased juror by way of a peremptory challenge he did not actually contend, the district

court concluded, that any of the jurors were biased or impartial.  <u>Id.</u> at \*10-11.

The district court's conclusion that no constitutional problem was posed once

Humes removed the juror by way of peremptory challenge is not reasonably

debatable.  <u>See</u> <u>Ross v. Oklahoma</u>, 487 U.S. 81, 88 (1988) ("[W]e reject the

notion that the loss of a peremptory challenge constitutes a violation of the

constitutional right to an impartial jury.").

      We DENY a COA and DISMISS the appeal.  We GRANT Mr. Humes's

motion to proceed IFP.

                        Entered for the Court


                        Paul J. Kelly, Jr.
                        Circuit Judge