FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL COLE JAMES,

     Petitioner - Appellant,

v.

TERRY MARTIN, Warden,

     Respondent - Appellee.

No. 14-5001
(D.C. No. 4:11-CV-00010-TCK-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Daniel James, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's order denying his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA

to appeal the denial of a habeas application). Exercising jurisdiction under 28 U.S.C.

§ 1291, we deny a COA and dismiss this matter.

---

    *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.]

    [1] Because Mr. James is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

# I. **BACKGROUND**

A Tulsa County District Court convicted Mr. James of Rape by Instrumentation and Lewd Molestation for sexually abusing a four-year-old girl. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") reversed his conviction because the trial court failed to give proper jury instructions regarding testimony concerning Mr. James's prior child molestation acts. *See James v. Oklahoma* (*James I*), 152 P.3d 255, 257 (Okla. Crim. App. 2007). Shortly thereafter, Oklahoma enacted Okla. Stat. tit. 12, §§ 2413 and 2414, making evidence of sexual offenses admissible for any relevant purpose. Oklahoma tried and convicted Mr. James again, and the OCCA affirmed. *See James v. Oklahoma* (*James II*), 204 P.3d 793 (Okla. Crim. App. 2009). Mr. James then applied for post-conviction relief in Tulsa County District Court, which denied relief. He appealed to the OCCA, which affirmed.

Mr. James petitioned the U.S. District Court for the Northern District of Oklahoma for a writ of habeas corpus. It denied his petition and a COA. As to four of Mr. James's claims—insufficiency of the evidence, Confrontation Clause violation, the trial court's improper communication with the jury, and ineffective assistance of trial counsel—the district court concluded they were procedurally barred because Mr. James failed to raise them before the OCCA on direct appeal and post-conviction relief. As to Mr. James's remaining two claims—the admission "other crimes" evidence and ineffective assistance of appellate counsel—the district court denied relief.

## II. **DISCUSSION**

Mr. James seeks a COA on four constitutional claims: (1) a due process violation for admission of testimony concerning prior sex abuse; (2) a Sixth Amendment ineffective assistance of counsel violation for his appellate counsel's failure to argue the prosecution knowingly infringed his Confrontation Clause rights; (3) a due process violation for the prosecution's failure to prove guilt beyond a reasonable doubt; and (4) a Confrontation Clause violation for admission of hearsay.[2]

The OCCA decided the first two issues on the merits; they therefore are reviewed for federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Mr. James did not ask the OCCA to review the last two claims and does not challenge the district court's determination that they are procedurally barred.

A COA is a jurisdictional prerequisite to appeal from a district court's denial of a § 2254 habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a state court has decided the petitioner's claim on the merits, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason." *Miller–El*, 537 U.S. at 366. AEDPA provides that federal courts cannot grant habeas relief unless the state court's decision

---

[2] Mr. James attempts to seek a COA on a fifth issue by saying the district court should not have denied his prosecutorial misconduct claim. But his § 2254 petition did not include such a claim separate from his claim that appellate counsel should have raised prosecutorial misconduct on direct appeal. The district court rejected that claim, and we address it here, but Mr. James cannot obtain a COA for a claim not presented to the district court.

"was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

To obtain a COA when the district court has denied habeas relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable [(1)] whether the petition states a valid claim of the denial of a constitutional right and . . . [(2)] whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## A. *Claims the OCCA Adjudicated On the Merits*

### 1. **Admission of "other crimes" evidence**

Mr. James argues the state trial court violated his due process rights by admitting evidence that he had sexually abused another child.

#### a. *Additional background*

At the first trial, the judge allowed a witness to testify that Mr. James had sexually abused her in 1992 when she was three years old. On appeal, the OCCA reversed Mr. James's conviction and remanded for a new trial because the abuse allegations constituted improper propensity evidence. *See James I*, 152 P.3d at 257.

A few months later, the Oklahoma legislature enacted Okla. Stat. tit. 12, §§ 2413 and 2414, patterned after Federal Rules of Evidence 413 and 414. Section 2414 states: "In a criminal case in which the defendant is accused of an offense of child molestation,

-4-

evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Okla. Stat. tit. 12, § 2141. Once again, Oklahoma tried Mr. James, the trial judge admitted the testimony about the 1992 abuse, and a jury convicted Mr. James.

He appealed to the OCCA, arguing in part that the trial court's admission of this evidence violated his constitutional right to due process and a fundamentally fair trial. The OCCA concluded, in light of § 2414, the trial court properly admitted the evidence because its probative value outweighed any unfairly prejudicial effect. *See James II*, 204 P.3d at 796. It determined the 1992 allegations "showed a visible connection with the instant charges, and demonstrated a common scheme to take sexual advantage of very young girls that were placed in his trust and care." *Id.* at 798. In addition, "the trial court cautioned the jury on the limited use of such evidence" more than once. *Id.*[3] Mr. James did not raise this issue in his post-conviction petition before the OCCA.

On federal habeas review, the district court determined Mr. James was not denied due process or a fair trial because in his second trial, unlike in his first trial, the court instructed the jury not to use the evidence as proof of guilt.

---

[3] The OCCA did not expressly state there was no violation of Mr. James's due process rights. However, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ." *See Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) *reh'g denied*, 133 S. Ct. 1858 (U.S. 2013). Mr. James has made no argument to rebut this presumption.

b. *Analysis*

In his request for COA, Mr. James argues the evidence was inadmissible because, even under § 2414, "propensity evidence must be established by clear and convincing evidence." Aplt. Br. at 10 (quoting *Horn v. State*, 204 P.3d 777, 786 (Okla. Crim. App. 2009)). He contends the 1992 allegations were not established by clear and convincing evidence because the OCCA in his first direct appeal determined that the only witness testifying about the allegations was "not credible." *Id.* at 12; *see also James I*, 152 P.3d at 257. He then argues the trial court, the OCCA (on second direct appeal and on post-conviction review), and the federal district court all ignored the OCCA's credibility finding, thus violating his right to due process and a fundamentally fair trial. This argument fails because the OCCA made no such credibility finding.

On the first direct appeal, the OCCA stated:

> The other crimes evidence in this case was extensive and prejudicial. It was thirteen years old, the allegations never resulted in filed charges, and there were credibility issues. To some extent the evidence was improperly used as substantive proof of James's guilt of the charged crimes. The jury was not properly instructed on its limited use.

*James I*, 152 P.3d at 257. The OCCA reversed Mr. James's first conviction based on the trial court's failure to instruct the jury on the proper use of the evidence. *Id.* The OCCA's reference to "credibility issues" was not a credibility finding.

More fundamentally, Mr. James has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A). He has not shown that the

OCCA's decision on the admission of the 1992 sexual abuse evidence "was contrary to, or involved an unreasonable application of clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

We conclude that jurists of reason could not disagree with the district court's denial of habeas relief on this issue.

## 2. **Ineffective assistance of appellate counsel**

Mr. James argues his appellate counsel was ineffective. He contends the prosecutor committed misconduct at trial by knowingly violating his Confrontation Clause rights and his appellate counsel should have raised this issue on appeal.

An ineffective assistance of counsel claim requires a showing that (1) counsel's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) "the deficient performance prejudiced the defense," *id.* at 694.

### a. *Additional background*

On direct appeal, the OCCA did not decide Mr. James's claim of prosecutorial misconduct because it thought the issue was not sufficiently argued. *See James II*, 204 P.3d at 798 n.10. In post-conviction proceedings, Mr. James argued his appellate counsel was ineffective for failing to raise prosecutorial misconduct on direct appeal. The OCCA determined Mr. James failed to show prejudice—that any deficient performance changed the outcome of his appeal. *See* Response in Opposition to Petition for Writ of Habeas Corpus, Exh. 6 at 2-3, *James v. Martin*, No. 4:11-CV-00010-TCK-FHM (N.D. Okla.

Mar. 21, 2011), ECF No. 8 (OCCA Order Affirming Denial of Application for Post-conviction Relief).

Reviewing Mr. James's habeas petition, the federal district court decided appellate counsel was not ineffective because Mr. James's Confrontation Clause rights were not violated at trial, where the prosecutor asked Mr. James's wife, Kellie James, about a statement from his former wife, Glenda Kyser: "Isn't it true ma'am that Glenda Kyser told you, warned you when you got together with Mr. James that you better watch out for any kids that you have because of sexual abuse?" ROA, Vol. I at 26 (quoting transcript from second trial). Ms. James denied having that conversation with Ms. Kyser. *Id.* Mr. James argued in his petition that because "Ms. Kyser was *not* at trial for [him] to confront or cross-examine in open court," the prosecutor's question violated his Confrontation Clause rights. *Id.*

The district court determined the prosecutor's question was not testimonial and therefore did not implicate the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004) (holding the Confrontation Clause applies only to testimonial statements). The district court concluded appellate counsel could not have been ineffective because there was no statement that was testimonial, and therefore there was no Confrontation Clause violation and no prosecutorial misconduct.[4]

---

[4] The district court also determined that Mr. James's counsel sufficiently argued prosecutorial misconduct on direct appeal, despite the OCCA's conclusion to the contrary.

b. *Analysis*

We agree with the district court's conclusion. No out-of-court statement was admitted. The prosecutor asked about what an absent declarant may have said, and the witness denied even having the conversation. There was no statement admitted from a missing witness, no prosecutorial misconduct, and nothing for appellate counsel to appeal. Reasonable jurists would not debate the district court's denial of the ineffective assistance claim.

## B. *Claims the OCCA Did Not Adjudicate*

Mr. James seeks a COA for Confrontation Clause and insufficiency of the evidence claims. The district court determined these claims are procedurally barred because he failed to raise them before the OCCA either on direct appeal or in post-conviction proceedings. In his request for COA, Mr. James does not challenge the district court's procedural bar ruling. Instead, he argues the merits. We therefore deny COA on these claims.

## III. **CONCLUSION**

For the foregoing reasons, we deny Mr. James's petition for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge