**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DARVIN WAYNE GRAY,

    Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

    Respondent - Appellee.

No. 20-7011
(D.C. No. 6:16-CV-00482-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Darvin Wayne Gray, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his application for habeas relief under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA and dismiss this matter.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gray is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

1

# I. BACKGROUND

## A. *State Court Proceedings*

In 2013, a jury convicted Mr. Gray of rape by instrumentation, forced oral sodomy, and lewd molestation of a minor. At trial, the prosecution showed that Mr. Gray hired the victim to work at a theme park and molested her there. The evidence consisted of (1) the victim's testimony describing incidents of abuse; (2) a coworker's testimony that he encountered Mr. Gray and the victim, the victim signaled him for help, and the victim, clearly traumatized, told him of the abuse; and (3) text messages from Mr. Gray to the victim urging her not to tell the coworker what had happened. The Oklahoma state court sentenced him to concurrent 50-year prison terms and to life without parole.

Mr. Gray appealed his convictions and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). He raised four grounds for relief: (1) insufficient notice in the charging document of the basis for each offense, (2) failure to grant a mistrial after the prosecutor commented on his decision to not testify, (3) prosecutorial misconduct, and (4) ineffective assistance of trial counsel. The OCCA rejected each ground and affirmed Mr. Gray's convictions and sentence. *Gray v. State*, No. F-2014-322 (Okla. Crim. App. Aug. 7, 2015).

In 2015, Mr. Gray sought post-conviction relief. He asserted (1) ineffective assistance of trial counsel on grounds not raised on direct appeal, (2) ineffective assistance of appellate counsel, and (3) insufficient evidence. The state trial court denied the application without a hearing. It concluded his claims for ineffective

assistance of trial counsel and insufficient evidence could have been raised and were not on direct appeal, and thus were waived. It rejected his claim for ineffective assistance of appellate counsel on the merits. The OCCA affirmed on appeal.

## B. *Federal District Court Proceedings*

Mr. Gray filed this action challenging his conviction under 28 U.S.C. § 2254. We quote the district court's description of his claims:

I.     Error occurred when no election was made with regard to the specific act relied on as the basis for each offense and the trial court failed to properly instruct the jury.

II.    The state [trial] court abused its discretion when it failed to grant the motion for mistrial made after the state improperly commented on Petitioner's failure to testify.

III.   Prosecutorial misconduct deprived Petitioner of a fair trial.

IV.    Ineffective assistance of trial counsel denied Petitioner due process and his right to a fundamentally fair trial.

V.     Petitioner was denied the effective assistance of counsel at trial, for reasons not raised in his direct appeal.

VI.    Petitioner was denied the effective assistance of appellate counsel, in violation of the Sixth Amendment.

VII.   The State's evidence was insufficient to prove Petitioner's guilt beyond a reasonable doubt.

*Gray v. Whitten*, 2020 WL 873908, at *1 (E.D. Okla. Feb. 21, 2020) (unpublished). Claims I through IV mirror the four claims Mr. Gray raised on direct appeal. Claims V through VII match the three claims in his application for post-conviction relief.

After briefing by the parties, the district court issued a detailed order denying relief. It concluded Claims V and VII were procedurally barred for failure to raise

3

them on direct appeal. *Id*. at *15, 17-18. It rejected his remaining claims under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), *id*. at *3-17, and denied a COA, *id*. at *18.

## II. **DISCUSSION**

Mr. Gray requests a COA to appeal the district court's rulings on Claims II (refusal to grant a mistrial), III (prosecutorial misconduct), IV and V (ineffective assistance of trial counsel), and VII (insufficient evidence). *See* Aplt. Br. at 3-6, 8-10. In his brief to this court, he identifies the foregoing as Issues A, E, F, B, and C, respectively. He also asserts violation of his due process rights based on insufficient notice of certain post-conviction state court filings and hearings. *Id*. at 7 (identified as Issue D).[2]

## A. *COA and AEDPA Standards*

We must grant a COA to review a district court's denial of a § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To receive a COA, the applicant must make "a substantial showing of the denial of a constitutional right," *id*. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

---

[2] Because Mr. Gray does not challenge the district court's ruling as to Claims I and VI, we regard those claims as abandoned or waived.

Where, as here, the district court dismissed certain claims on procedural grounds, we will grant a COA as to those claims only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Under AEDPA, when a state court has adjudicated the merits of a claim, a federal district court cannot grant habeas relief on that claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2).

When the district court has denied habeas relief because the petitioner failed to overcome AEDPA, our COA decision requires us to determine whether reasonable jurists could debate the court's application of AEDPA to the state court's decisions. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

### B. *Analysis*

Mr. Gray is not entitled to a COA because reasonable jurists would not debate whether the district court correctly decided the issues he seeks to appeal.

### 1. **Refusal to Grant Mistrial (Claim II/Issue A)**

Mr. Gray claims the state trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments when it refused to grant a mistrial after the prosecutor

5

commented during closing argument on his failure to testify. The OCCA quoted the prosecutor's comment as follows:

> Then ask yourself, What reason does the defendant have to lie? I mean, you didn't hear from him and he has the constitutional right not to testify, which you should honor that. If I was charged with a crime, I probably wouldn't testify either because that's my constitutional right.

*Gray*, No. F-2014-322, slip. op. at 13.

The OCCA agreed the prosecutor's comment was "improper" but concluded "the jury instructions coupled with the prosecutor's subsequent statements cured the error." *Id.* It also held that even if the error was not cured, the comment was "harmless beyond a reasonable doubt" because "[t]he great weight of the evidence strongly supported the jury's determination of guilt." *Id.* at 14 (noting that the OCCA "has long recognized that a prosecutor's improper comment upon a defendant's failure to testify is subject to harmless error review"). It thus concluded the state trial court did not abuse its discretion when it denied the motion for a mistrial. *Id.* at 15.

The district court denied habeas relief. It noted that under Oklahoma law, "the decision to grant a mistrial at defense request is left to the sound discretion of the trial court." *Knighton v. State*, 912 P.2d 878, 894 (Okla. Crim. App.) (citations omitted), *cert. denied*, 519 U.S. 841 (1996). To warrant federal habeas review of a state court trial error, Mr. Gray had to show it "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due

6

process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (quotations omitted). Because he had not met this burden, the district court rejected the claim.

We agree that Mr. Gray has not shown the state court's refusal to grant a mistrial was so fundamentally unfair that he was denied due process. *See Humes v. Arellano*, 413 F. App'x 68, 70 (10th Cir. 2011) (unpublished) (denying federal habeas review where petitioner failed to show prejudice, "let alone a denial of due process," from denial of mistrial).[3] Nor has he shown the OCCA's analysis of the prosecutor's comment was contrary to or an unreasonable application of clearly established Supreme Court law[4] or based on an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d). Reasonable jurists would not debate these determinations. A COA is not warranted.

## 2. **Prosecutorial Misconduct (Claim III/Issue E)**

Mr. Gray argues the prosecutor improperly invoked sympathy for the victim by commenting on the effect of Mr. Gray's sexual assaults.[5] In his opening statement, the

---

[3] Although not precedential, we find the reasoning of the unpublished opinions cited in this order and judgment instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[4] *See Chapman v. California*, 386 U.S. 18, 22 (1967) (stating that a prosecutor's improper comment on a defendant's failure to testify may "be deemed harmless"); *United States v. Hasting*, 461 U.S. 499, 509 (1983) (concluding federal court of appeals erred in failing to apply harmless error analysis to prosecutor's improper comment on defendants' decision to not testify).

[5] Mr. Gray's brief also contends the prosecutor failed to call witnesses that would have exonerated him. Because Mr. Gray did not raise this argument in his § 2254 habeas application, we "will not consider it on appeal." *Hammon v. Ward,* 466 F.3d 919, 926

prosecutor asserted Mr. Gray "prayed [sic] . . . on this 15-year-old [victim] because he thought he could control her with his paycheck and keep her quiet." *Gray*, 2020 WL 873908, at *9 (citation omitted). In his closing argument, the prosecutor described the victim's "invasive" rape exam and the difficulty of testifying about her assaults. *Id.* (citation omitted). Mr. Gray did not object to these comments at trial.[6]

On direct appeal, the OCCA concluded Mr. Gray had "waived appellate review of [his prosecutorial misconduct] claim for all but plain error" because he had "failed to raise a timely objection to any of the instances [of misconduct]" in the trial court. *Gray*, No. F-2014-322, slip. op. at 15. It concluded the prosecutor's statements regarding the victim were not error, let alone plain error. *Id.* at 16-17. "The prosecutor did not overtly seek sympathy for the victim but merely discussed the evidence in the case." *Id.* at 16.

"In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process." *Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 547 U.S. 1181 (2006); *see Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To warrant habeas relief, Mr. Gray "must establish that the

---

n.8 (10th Cir. 2006) (declining to address a claim petitioner did not raise in his habeas petition before the district court); *see McLuckie v. Abbott*, 337 F.3d 1193, 1200 n.3 (10th Cir. 2003) (same).

[6] In his prosecutorial misconduct claim on direct appeal and in the district court, Mr. Gray also argued the prosecutor improperly attacked his credibility. *See Gray*, 2020 WL 873908, at *9-11. Because he does not assert this argument in support of his prosecutorial misconduct claim on appeal, we do not consider it here. To the extent Mr. Gray bases his prosecutorial misconduct claim on the prosecutor's comment on his failure to testify, it fails for the reasons already stated above.

8

prosecutor's conduct or remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Malicoat*, 426 F.3d at 1255 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)). Under AEDPA, he also must show the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Parker v. Matthews*, 567 U.S. 37, 47 (2012) (quotations omitted).

The district court concluded "the OCCA's determination of this claim was not contrary to, or an unreasonable application of, Supreme Court law," or "based on an unreasonable determination of the facts in light of the evidence presented." *Gray*, 2020 WL 873908, at *11. We agree. Even if Mr. Gray could overcome AEDPA, the claim lacks merit. A COA is not warranted.

3. **Ineffective Assistance of Trial Counsel (Claims IV and V/Issues F and B)**

Mr. Gray raised two claims of ineffective assistance of trial counsel in the district court. One claim was based on arguments he raised on direct appeal. The other was based on arguments he asserted for the first time in his application for post-conviction relief. He challenges the district court's ruling as to both claims.

    a. *Legal background*

        i. Ineffective assistance of counsel

The Supreme Court established the standard for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of (1) deficient performance that (2) causes prejudice. *Id.* at 687. The first

9

step requires demonstrating "that [defense] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The second step requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When coupled with AEDPA, the *Strickland* standard is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quotations omitted). "The question 'is not whether a federal court believes the state court's determination' under *Strickland* 'was incorrect but whether [it] was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

ii. State procedural bar

Federal habeas petitioners may not obtain review of claims "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)); *see Walker v. Martin*, 562 U.S. 307, 315-16 (2011). "To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker*, 562 U.S. at 316 (quotations omitted).

Under 22 Okla. Stat. Ann. § 1086, an argument not raised "in any . . . proceeding the applicant has taken to secure relief may not be the basis for a

10

subsequent application, unless the court finds . . . sufficient reason [for why it] was not asserted." We have recognized that Oklahoma courts consistently apply § 1086's procedural bar to claims that could have been raised on direct appeal but were not. *See Smith v. Workman*, 550 F.3d 1258, 1266-67 (10th Cir. 2008) (concluding claim was "procedurally barred given that the OCCA deemed the claims waived" under § 1086); *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002) (stating that § 1086 "is an independent and adequate state ground for denying habeas relief").

   b. *Analysis of claims*

      i.  Arguments raised on direct appeal

On direct appeal, Mr. Gray argued he received ineffective assistance when his trial counsel failed to (1) request that the state court require the prosecutor to specify the acts of rape, sodomy, and molestation underlying each count, (2) object earlier to the prosecutor's comment on his failure to testify, and (3) object to other instances of prosecutorial misconduct, including the prosecutor's attempts to elicit sympathy for the victim. The OCCA rejected each argument for failure to show prejudice under the second prong of *Strickland*. *Gray*, No. F-2014-322, slip. op. at 17-18.

The district court, citing the OCCA's analysis, agreed Mr. Gray had not shown a reasonable probability that trial counsel's allegedly deficient performance would have changed the outcome of his trial. *Gray*, 2020 WL 873908, at *13-14. It also concluded "the OCCA's determination of this claim was in accordance with Supreme Court law" and "was not based on an unreasonable determination of the facts." *Id*. at *14.

11

Mr. Gray offers no basis to challenge the decisions of the OCCA or district court. He does not contest the prejudice analysis under *Strickland*; argue that the OCCA's decision was contrary to, or based on an unreasonable application of, Supreme Court law or based on an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d); or explain why the district court "should have . . . resolved [the claim] in a different manner," *Slack*, 529 U.S. at 484. He is not entitled to a COA.

ii. Arguments raised in application for post-conviction relief

The state trial court, OCCA, and district court determined that 22 Okla. Stat. Ann. § 1086 barred Mr. Gray's later-raised arguments for ineffective assistance of counsel because he could have brought them on direct appeal but did not. The district court concluded Mr. Gray had "not presented any evidence of cause and prejudice" or made "a colorable claim" for a fundamental miscarriage of justice, as necessary "to overcome [§ 1086's] bar." *Gray*, 2020 WL 873908, at *14-15.

We have reviewed Mr. Gray's brief in district court and agree.[7] Reasonable jurists would not debate the correctness of the district court's decision. *Slack*, 529 U.S. at 484. We therefore deny a COA.

---

[7] The Supreme Court has held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012); *see Trevino v. Thaler*, 569 U.S. 413, 422 (2013). Mr. Gray has made no such argument here. Although he argued in the district court that he received ineffective assistance of appellate counsel, he has abandoned that claim on appeal.

### 4. **Insufficient Evidence (Claim VII/Issue C)**

Mr. Gray asserts violation of his due process rights because the evidence at trial was insufficient to convict him. He raised this argument for the first time in his application for post-conviction relief. The state trial court held it was barred under 22 Okla. Stat. Ann. § 1086 for failure to raise it on direct appeal, and the OCCA agreed. The district court concluded that Mr. Gray had failed to overcome the procedural bar with evidence of prejudice or a fundamental miscarriage of justice. *Gray*, 2020 WL 873908, at *18.

Reasonable jurists would not debate the district court's ruling. Mr. Gray claims on appeal that "there was no physical evidence of any type of rape" and that the "[coworker's] testimony was all hearsay." Aplt. Br. at 6. But these points go to the merits of his insufficient evidence claim, "not . . . the district court's procedural bar ruling." *James v. Martin*, 567 F. App'x 594, 599 (10th Cir. 2014) (unpublished). Because Mr. Gray has not argued prejudice or a fundamental miscarriage of justice from application of the procedural bar, he is not entitled to a COA.[8]

---

[8] In Issue D of his brief, Mr. Gray argues the state trial court violated his "post-conviction due process and constitutional rights" by failing to provide notice of certain court filings and hearings. Aplt. Br. at 7. Because Mr. Gray did not raise this argument in his § 2254 habeas application, we will not review it here. *See Hammon*, 466 F.3d at 926 n.8; *McLuckie*, 337 F.3d at 1200 n.3.

III.  **CONCLUSION**

Mr. Gray has failed to show that reasonable jurists would find the district court's thorough assessment of his § 2254 application was debatable or wrong.  We therefore deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

14